UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY A. HAMDAN, an individual,                     Case No._____
                                                    Hon._____

      Plaintiff,
v.

MATT FINSTON, an individual

      Defendant.

---

HOWARD & HOWARD ATTORNEYS PLLC
Michael F. Wais (P45482)
Jeff A. Hoover (P71447)
Attorneys for Plaintiff
450 West Fourth Street
Royal Oak, MI  48067-2557
(248) 645-1483
mwais@howardandhoward.com
jhoover@howardandhoward.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Randy A. Hamdan, and for his Complaint against Defendant Matt Finston, states as follows:

### JURISDICTION

1. Plaintiff Randy A. Hamdan is a resident of the State of Michigan.

2. Defendant Matt Finston is a resident of the State of California.

3. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Jurisdiction is otherwise appropriate in this Court pursuant to 28 U.S.C § 1332.

## BACKGROUND

5. HH Group, LLC is a substantial holder of shares of common stock in Creative Edge Nutrition, Inc., a publicly held corporation trading under the ticker symbol FITX.

6. Plaintiff is the sole member of HH Group, LLC.

7. In approximately June of 2014, Defendant began a campaign to publicly defame and cast Plaintiff and Creative Edge Nutrition, Inc. in a false light through a series of internet posts containing false and defamatory statements regarding Plaintiff.

8. Just a few examples of Defendant's false and defamatory statements regarding Plaintiff are as follows:

   a. That Plaintiff has a "fraudulent past". (See **Exhibit A**).

   b. That Plaintiff and HH Group, LLC were issued 420 Million shares of stock in Creative Edge Nutrition Inc. (ticker symbol FITX) for $0.001 per share. (See **Exhibit B**).

   c. That "Vgpr didn't survive Hamden", implying that Plaintiff caused Vega Biofuels Inc. to fail or go out of business. (See **Exhibit C**).

   d. That "DNAX is another", implying that Plaintiff caused DNA Brands, Inc. to fail or go out of business. (See **Exhibit D**).

   e. That Plaintiff "dumped" FITX stock "into the promotion three years ago". (See **Exhibit E**).

   f. That Plaintiff is "a serial pump and dump and he's been charged by the SEC for it." (See **Exhibit F**).

   g. That Plaintiff is "a known pump and dump". (See **Exhibit G**).

   h. That Plaintiff is "an investor relations ponzi". (See **Exhibit H**).

   i. Plaintiff has posted statements implying that Amineh A. Hamdan and Fihmiya Anwar Hamdan (Plaintiff's parents) are associated with Hezballah and/or are engaged in or associated with terrorism -- for the

       purpose of further implying that Plaintiff and his family are tied to Hezballah and terrorism. (See **Exhibit I**).

    j.    That Plaintiff is "using more profiles to harass and intimidate and pump". (See **Exhibit J**).

9.    Upon information and belief, Defendant has made and published numerous other false and defamatory statement regarding both Plaintiff and Creative Edge Nutrition, Inc.

10.    Based upon information and belief, Defendant is undertaking this campaign of defamation against Plaintiff and Creative Edge Nutrition, Inc. as part of a stock price manipulation scheme whereby he is "short selling" Creative Edge Nutrition, Inc.'s stock and attempting to profit by driving the stock price downward.

11.    On July 3, 2014, Plaintiff's attorneys sent Defendant a letter pursuant to MCL 600.2911(2)(b) demanding that Defendant issue a retraction of all of the false and defamatory statements he has made against Plaintiff. (See **Exhibit K**).

12.    To date, Defendant has failed to respond to this letter or publish any type of retraction.

13.    Instead, Defendant has continued his defamatory internet campaign against Plaintiff and Creative Edge Nutrition, Inc. with a July 23, 2014 article posted on www.seekingalpha.com. However, this time Defendant was careful not to mention Plaintiff by name. (See **Exhibit L**).

14.    Plaintiff has suffered significant financial losses as well as damages to his reputation and business prospects. This is not to mention the grave danger Defendant has placed Plaintiff and his family in by insinuating that they are connected to Hezballah and terrorism.

## COUNT I

## DEFAMATION

15. Plaintiff incorporates paragraphs 1-14 above as if fully restated herein.

16. As set forth above, Defendant made numerous false statements and comments regarding Plaintiff as part of an internet based campaign by Defendant to defame Plaintiff.

17. Defendant published these remarks to an infinite number of third parties on the internet with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

18. The repeated publication of these false and defamatory statements by Defendant has resulted in severe damage to Plaintiff's reputation, has caused Plaintiff to suffer severe emotional distress, has placed Plaintiff's family in grave danger, and has caused Plaintiff significant economic loss, including but not limited to driving down the stock price of Creative Edge Nutrition, Inc. and interfering with Plaintiff's ability to invest in publicly traded companies.

19. As Defendant's defamatory and false statements against Plaintiff were made with a malicious intent and have held Plaintiff up to hatred, scorn, contempt, and/or ridicule, they constitute defamation per se.

WHEREFORE, Plaintiff seeks a Judgment against Defendant in an amount the Court deems just and equitable, including exemplary and punitive damages, plus attorneys' fees, interest and costs, and such other relief the Court deems appropriate.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiffs incorporate paragraphs 1-19 above as if fully restated herein.

21. Defendant's defamatory and wrongful conduct, as detailed above, was intentional.

22. Defendant's defamatory and wrongful conduct, as detailed above, was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

23. Indeed, Defendant's defamatory and wrongful conduct, as detailed above, was for an ulterior motive or purpose, most notably to manipulate the stock price of Creative Edge Nutrition, Inc. for Defendant's own profit.

24. Defendant's defamatory and wrongful conduct has caused Plaintiff to suffer severe and serious emotional distress.

25. The repeated publication of these false and defamatory statements by Defendant has resulted in severe damage to Plaintiff's reputation, has caused Plaintiff to suffer severe emotional distress, has placed Plaintiff's family in grave danger, and has caused Plaintiff significant economic loss, including but not limited to driving down the stock price of Creative Edge Nutrition, Inc. and interfering with Plaintiff's ability to invest in publicly traded companies.

WHEREFORE, Plaintiff seeks a Judgment against Defendant in an amount the Court deems just and equitable, including exemplary and punitive damages, plus attorneys' fees, interest and costs, and such other relief the Court deems appropriate.

## COUNT III

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

26. Plaintiffs incorporate paragraphs 1-25 above as if fully restated herein.

27. As set forth above, Plaintiff is an indirect shareholder of Creative Edge Nutrition, Inc.

28. Defendant's repeated defamatory and false statements regarding Plaintiff have caused Plaintiff and Creative Edge Nutrition, Inc. to be held Plaintiff up to hatred, scorn,

contempt, and/or ridicule

29. Defendant, by his unwarranted, negligent, intentional, reckless, and false accusation against Plaintiff have interfered with Plaintiff's business relationship with Creative Edge Nutrition, Inc., and his business relationship with other publicly held companies.

30. Defendants wrongful conduct has resulted in severe damage to Plaintiff's reputation, has caused Plaintiff to suffer severe emotional distress, has placed Plaintiff's family in grave danger, and has caused Plaintiff significant economic loss, including but not limited to driving down the stock price of Creative Edge Nutrition, Inc., harming Plaintiff's relationship with Creative Edge Nutrition, Inc., and interfering with Plaintiff's ability to invest in publicly traded companies.

WHEREFORE, Plaintiff seeks a Judgment against Defendant in an amount the Court deems just and equitable, including exemplary and punitive damages, plus attorneys' fees, interest and costs, and such other relief the Court deems appropriate.

## COUNT IV

## FALSE LIGHT DEFAMATION

31. Plaintiff incorporates paragraphs 1-30 above as if fully restated herein.

32. As set forth above, Defendant made numerous false statements and comments regarding Plaintiff as part of an internet based campaign by Defendant to defame Plaintiff.

33. Defendant published these remarks to an infinite number of third parties on the internet with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

34. The repeated publication of these false and defamatory statements by Defendant

has placed Plaintiff in a false and negative light in the public eye.

35. The repeated publication of these false and defamatory statements by Defendant has also resulted in severe damage to Plaintiff's reputation, has caused Plaintiff to suffer severe emotional distress, has placed Plaintiff's family in grave danger, and has caused Plaintiff significant economic loss, including but not limited to driving down the stock price of Creative Edge Nutrition, Inc. and interfering with Plaintiff's ability to invest in publicly traded companies.

WHEREFORE, Plaintiff seeks a Judgment against Defendant in an amount the Court deems just and equitable, including exemplary and punitive damages, plus attorneys' fees, interest and costs, and such other relief the Court deems appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks a Judgment against Defendant in an amount the Court deems just and equitable, including exemplary and punitive damages, plus attorneys' fees, interest and costs, and such other relief the Court deems appropriate.

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: July 28, 2014     By: */s/ Michael F. Wais*
                                  Michael F. Wais (P45482)
                                  Jeffrey A. Hoover (P71447)
                                  Attorneys for Plaintiff
                                  450 West Fourth Street
                                  Royal Oak, MI 48067
                                  (248) 645-1483
                                  Email: mwais@howardandhoward.com

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby reaffirm their demand trial by jury in this matter.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: July 28, 2014  By: */s/ Michael F. Wais*
Michael F. Wais (P45482)
Jeffrey A. Hoover (P71447)
Attorneys for Plaintiff
450 West Fourth Street
Royal Oak, MI 48067
(248) 645-1483
Email: mwais@howardandhoward.com